UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOYCE E. SCHMELZER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-01253 |
| | ) | |
| ANIMAL WELLNESS CENTER OF MONEE, LLC, et al., | ) | Judge Sharon Johnson Coleman |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joyce E. Schmelzer originally filed a complaint against Animal Wellness Center of Monee ("AWC"), Lynlee Wessels-Marhanka, and Scott Marhanka alleging an Employee Retirement Income Security Act ("ERISA") violation. Currently pending before the court is Schmelzer's four-count Second Amended Complaint claiming ERISA interference and retaliation, the filing of false and fraudulent information returns in violation of 26 U.S.C. § 7434, common law retaliatory discharge, and violation of the Illinois Whistleblower Act. Defendants move to dismiss Counts II, III, and IV of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, defendants' motion [75] is granted.

**Background**

The following facts are derived from the Second Amended Complaint and accepted as true for purposes of this motion. AWC is an Illinois limited liability company that employed Schmelzer from September 2004 through July 2017. In 2016 and 2017, AWC offered its employees a Simple IRA Plan (the "Plan"), which was subject to ERISA. Schmelzer was a participant and beneficiary of the Plan, contributing 3% of her gross pay into the Plan. Under the Plan's terms, AWC was to match her contributions at a rate of 3% per pay period, which it did until July 2016. AWC also established a fund for each participant at Franklin Templeton Investments (the "Fund"), and each

1

participant had a Fund account into which AWC deposited investment funds. In July 2016, AWC discontinued making payments into Schmelzer's Fund account, yet it continued to withhold her payroll contributions until July 2017. Neither the amounts withheld from her payroll nor the matching amounts were deposited into her Fund account after July 21, 2016. From July through December 2016, defendants delivered paystubs to Schmelzer inaccurately reporting that AWC was matching her payroll deductions. In January 2017, AWC filed and provided her with an IRS Form W-2, which reported that AWC had contributed $1,269.72 of matching payments for 2016, though the actual matching contribution paid into her Fund account was $648.05. In July 2017, Schmelzer demanded that AWC make the required contributions, she notified the United States Department of Labor ("DOL") of the situation, and she initiated an internal inquiry at AWC regarding its obligations to fund the Plan. Defendants held a meeting with Plan participants on July 8, during which Schmelzer stated that she expected AWC to make good on its obligation to fully fund the Plan.

On July 26, 2017, the DOL notified AWC that there was an ERISA violation inquiry arising from its failure to make contributions to the Fund. AWC subsequently funded the Plan accounts. AWC manager Wessels-Marhanka was openly hostile to Schmelzer after she had engaged in ERISA-protected activity, and on July 31, AWC terminated Schmelzer's employment. In late July or early August 2017, AWC made an additional $2,760.81 contribution into Schmelzer's Fund account but submitted an IRS Form W-2 to the Social Security Administration, the DOL, and the IRS which reported a contribution amount of only $633.27.

**Legal Standard**

A motion to dismiss under Rule 12(b) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the Court accepts as true all well-pleaded factual allegations and views them

2

in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual allegations that state a claim to relief that is plausible on its face. *Id.* at 632. A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Schmelzer asserts the following claims in her Second Amended Complaint: retaliation and interference in violation of ERISA § 510 (Count I); a 26 U.S.C. § 7434 violation because defendants willfully made false and fraudulent information returns (Count II); and retaliatory discharge under Illinois common law (Count III), as well as in violation of the Illinois Whistleblower Act (Count IV). Defendants move to dismiss Counts II through IV for failure to state a claim.

*1. Count II*

The Court first addresses defendants' arguments that Schmelzer fails to state a claim under 26 U.S.C. § 7434 because, among other reasons, she did not identify the specific information return that defendants allegedly filed. Defendants also argue that she failed to plead this claim with the particularity required by Federal Rule of Civil Procedure 9(b). "To state a claim under 26 U.S.C. § 7434, Plaintiff must allege: (1) Defendant issued an information return; (2) the information return was fraudulent; and (3) Defendant willfully issued such a fraudulent return." 26 U.S.C. § 7434; *Carbonell v. Glaser*, No. 1:16-CV-21539-UU, 2016 WL 10933303, at *2 (S.D. Fla. Sept. 19, 2016). The heightened pleading standard requires that a party making fraud allegations "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This means that a party must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009). In alleging her section 7434 fraud claim,

3

Schmelzer states that "[i]n January 2016, Defendants filed and delivered a false calendar year 2016 W-2 statement"; that defendants therefore "willfully filed a false and fraudulent information return"; that, in late July or early August, defendants had made a "catch-up contribution" into her Fund account totaling $2,760.81; that "though Defendants knew that the amount contributed to [the Plan] for the calendar [year] 2017 was $2,760.81, in January 2018, Defendants submitted . . . another false and fraudulent information return, IRS Form W-2" stating that only $633.27 had been contributed to Schmelzer's Plan account; and that the 2016 and 2017 information returns were "false, fraudulently and willfully made" in violation of section 7434. The Court concludes that, even after construing the complaint in a light most favorable to Schmelzer, she fails to allege her section 7434 fraud claim with the particularity required by Rule 9(b). Because Rule 9(b) calls for a heightened pleading standard, Schmelzer's generalities will not suffice. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446-47 (7th Cir. 2011). The Court dismisses Count II without prejudice.

   2.   *Counts III and IV*

Next, the Court turns to defendants' arguments that Counts III and IV should be dismissed because Schmelzer's Illinois state law claims are preempted by ERISA. Schmelzer contends that defendants have prematurely moved to dismiss these counts because the Court has not yet determined that the Plan is covered by ERISA, and if it is ultimately determined not to be an ERISA plan, there would be no preemption.

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan." 29 U.S.C. § 1144(a). "A law relates to an employee benefit plan if it has a connection with or reference to such a plan." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 504 (7th Cir. 2011) (internal citations and quotations omitted). ERISA does not preempt only state laws dealing with the subject matters covered by ERISA; its

4

expansive preemption provisions are intended to ensure that employee benefit plans regulation is exclusively a federal concern. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). ERISA preemption is not limited to displacement of state laws affecting employee benefit plans, but rather extends to any state cause of action that has a "connection or reference to" an ERISA plan. *Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Neurobehavioral Assocs., P.A.*, 53 F.3d 172, 174 (7th Cir. 1995).

Schmelzer asserts her Illinois retaliatory-discharge claim in Count III, referencing the Plan, its provisions, and the events that gave rise to her ERISA retaliation claim, and contending that she was terminated after she had accused defendants of converting her payroll contributions to the Plan. In Count IV, she incorporates the allegations from her ERISA retaliation claim into her claim under the Illinois Whistleblower Act, asserting that her employment was terminated after she had notified federal agencies of AWC's failure to make required contributions to the Plan. Accordingly, Schmelzer's state-law claims are preempted by ERISA because they "relate to" her ERISA claim. Defendants' motion to dismiss Counts III and IV is granted.

**Conclusion**

Based on the foregoing, the Court grants defendants' Rule 12(b)(6) motion [75] to dismiss Counts II, III, and IV of the Second Amended Complaint without prejudice. Schmelzer has 30 days from entry of this Order to file a Third Amended Complaint to replead her section 7434 claim.

**IT IS SO ORDERED.**

Date: 9/27/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge